IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CATHY DUNCAN, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:22-CV-0578-D |
| VS. § | |
| § | |
| WAL-MART REAL ESTATE § | |
| BUSINESS TRUST, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Wal-Mart Stores Texas, LLC's ("Wal-Mart's")[1] August 23, 2022 motion to compel discovery responses, to which plaintiff Cathy Duncan ("Duncan") has not responded, is granted.[2] In this removed action, Wal-Mart has established that Duncan has failed to make the required disclosures, responses, and production.

Duncan is ordered to produce her Fed. R. Civ. P. 26(a)(1) initial disclosures and respond to Wal-Mart's June 15, 2022 requests for admission, requests for production, and first set of interrogatories no later than October 12, 2022.

Wal-Mart moves for attorney's fees under Rule 37(a)(5)(A), which provides that, if

---

[1]Wal-Mart states in its motion that is incorrectly named "Wal-Mart Real Estate Business Trust, Wal-Mart #2996, Wal-Mart, Inc., and Walmart Supercenter."

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

a motion to compel is granted,

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Because the court is granting Wal-Mart's motion to compel and has determined that none of the exceptions listed in Rule 37(a)(5)(A) applies in this case, the court grants Wal-Mart its reasonable expenses, including attorney's fees, associated with this motion to compel. Within 14 days of the date Duncan complies with today's memorandum opinion and order, counsel for Duncan and Wal-Mart must confer and attempt to agree on the amount of reasonable attorney's fees and costs to be awarded to Wal-Mart. If they cannot reach agreement, Wal-Mart may file a motion for such reasonable attorney's fees and costs. And if the court grants Wal-Mart relief that is greater than what it seeks in the meet and confer process, the court may award it additional reasonable attorney's fees and costs incurred in filing its motion for attorney's fees and costs.

**SO ORDERED.**

September 21, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE